**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TANIA AMROD,

                                Plaintiff,

        - v -                                        1:23-CV-1104
                                                            (MAD/DJS)

YOUGOV, *et al.*,

                                Defendants.

**APPEARANCES:**

TANIA AMROD
Plaintiff *Pro Se*
Port Ewen, New York 12466

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App.

      The Complaint asserts Title VII and Age Discrimination in Employment ("ADEA") claims against Plaintiff's former employer, YouGov, and several individual

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(a).

supervisors.  *See generally* Compl.  Plaintiff alleges that she was unlawfully terminated and retaliated against on the basis of her race, sex, and age.  *Id.*  The individuals named as defendants are YouGov's "Chief People Officer" Mounia Hajji, CEO Stephan Shakespeare, "Global Talent Acquisition" employee Geeta Sood, and Ray Martin, identified as "CEO Americas."  *Id.* at pp. 1-3.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e)(2) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Rule 8 of the Federal Rules of Civil Procedure "*demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation*." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555) (emphasis added). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Analysis of the Complaint

The Complaint alleges that Plaintiff was unlawfully terminated from her previous job at YouGov due to discrimination and perhaps retaliation. Compl. at pp. 4-5.

3

*1. Individual Defendants*

The Court recommends dismissal of the individual Defendants since neither Title VII nor the ADEA provides for individual liability. *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (Title VII); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (ADEA). Because these federal statutes do not provide for liability against the individual supervisors, no amendment can cure this deficiency and those Defendants should be dismissed with prejudice.

*2. Title VII*

Plaintiff utilized a form civil complaint to file this action on which she indicated that the discrimination was based on her race or color and sex and that it resulted in termination of her employment and retaliation. Compl. at p. 2. A key element of a prima facie racial discrimination case under Title VII is the allegation that the plaintiff is a member of a protected class. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). The Complaint does not contain any specific allegation on Plaintiff's part that she is a member of a protected class. This failure is a basis for dismissal. *Johnson v. City Univ. of New York*, 48 F. Supp. 3d 572, 576 (S.D.N.Y. 2014).

To the extent Plaintiff also seeks to pursue a gender discrimination claim, there are no factual allegations in the Complaint alleging that she suffered any form of discrimination based on her gender.

Under Title VII, a prima facie case for retaliation requires Plaintiff to prove "[1] that she 'engaged in protected participation or opposition under Title VII, [2] that the employer was aware of this activity, [3] that the employer took adverse action against the plaintiff, and [4] that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action.'" *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001) (quoting *Sumner v. United States Postal Serv.*, 899 F.2d 203, 208-09 (2d Cir. 1990)).

Here, while the Complaint alleges that Plaintiff objected to the purported racial profiling of job candidates, Compl. at p. 4, it does not specifically tie that objection to her ultimate termination. In fact, the Complaint specifically alleges that she was told she would suffer no adverse consequence for having made those statements. *Id.* It appears that Plaintiff may be attempting to allege that she was ultimately terminated as a result of her comments, but that false job performance reasons were given as a pretext. *Id.* Such a claim is not specifically or clearly pled, however, and dismissal is appropriate with leave to amend to provide more specific pleading consistent with the requirements under FED. R. CIV. P. 8 to provide "fair notice" of the claim to Defendant. *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995).

The Court, therefore, recommends that Plaintiff's Title VII claim be dismissed without prejudice and with leave to amend. If granted, that leave would permit Plaintiff to articulate the factual and legal basis of her Title VII claim more clearly.

### 3. ADEA

"In order to establish a prima facie case of age discrimination [Plaintiff] must show (1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). The ADEA prohibits discrimination against individuals forty years and older. 29 U.S.C. § 631(a). Plaintiff alleges she is within that protected group. Compl. at p. 9. The Court will presume that she was qualified for her position given her allegations that she held it for many months. *Id.* at p. 4. However, the allegations in the Complaint are unclear regarding whether Plaintiff suffered an adverse employment action. This uncertainty warrants dismissal of her ADEA claim with leave to replead.

It appears that Plaintiff alleges two actions by supervisory personnel related to age. The first is that in discussing a potential job opening that Plaintiff might apply for, Sood is alleged to have said that she did not need "old people" like Plaintiff in the position. Compl. at p. 5. "A plaintiff sustains an adverse employment action if she 'endures a materially adverse change in the terms and conditions of employment.'" *Zoulas v. New York City Dep't of Educ.*, 400 F. Supp. 3d 25, 53 (S.D.N.Y. 2019) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007)). The Complaint does not allege that Plaintiff sought the position in any event and was

rejected, or that any other person was hired for the unidentified position. As pled, therefore, Plaintiff has not sufficiently alleged an adverse action, one that changed and altered the conditions of her employment.

Plaintiff also alleges that that she was told not to hire individuals who had worked for more than ten years because they were too old. Compl. at p. 5. That allegation is insufficient to establish an ADEA claim because it does not allege an adverse action taken against Plaintiff, nor does it necessarily allege a violation of the ADEA since a person with ten years or more of work experience could still be under the 40 year old threshold for protection under the statute.

An ADEA retaliation claim, like that under Title VII, requires a plaintiff to prove that she engaged in protected activity of which the employer was aware, that the employer took adverse action against the employee, and a causal connection between the two. *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-206 (2d Cir. 2006). Plaintiff's Complaint makes no specific allegation that she engaged in an activity protected by the ADEA and this omission requires dismissal at this juncture. *See*, *e.g.*, *Aiello v. Stamford Hosp. Inc.*, 2010 WL 3925451, at *5 (D. Conn. Sept. 29, 2010).

As with Plaintiff's Title VII claim, the Court recommends dismissal of the ADEA claim with leave to amend to provide Plaintiff the opportunity to allege facts in support of a claim under the ADEA.

*4. Venue*

In addition, the basis for venue in this district is not readily apparent from the face of the Complaint. It is unclear where exactly Plaintiff performed her job duties for YouGov prior to her termination or where the essential facts underlying her claims occurred. The Complaint identifies a Redwood City, California address for the company, discusses incidents with London-based supervisors, and with other employees in Dubai. Compl. at pp. 4-5.

Claims brought under Title VII allow for an action to be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3); *Winner v. Tryko Partners, LLC*, 333 F. Supp. 3d 250, 265-66 (W.D.N.Y. 2018). ADEA claims, on the other hand, are governed by the general venue provision of 28 U.S.C. 1391 which provides for venue in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

These provisions create potential conflicts as to proper venue between the two claims and "[i]n a case in which multiple claims are joined, venue must be proper for each claim." *Noveda v. U.S.P.S.*, 2023 WL 5152694, at *3 (S.D.N.Y. July 18, 2023). In circumstances involving Title VII and ADEA claims "where venue is proper for one claim, but not the other, courts have transferred both claims to the district where venue is proper for both." *Cook v. UBS Fin. Servs., Inc.*, 2006 WL 760284, at *6 (S.D.N.Y. Mar. 21, 2006) (quoting *McNeill v. James*, 2004 WL 2538400, at *2 (D. Md. Nov. 9, 2004)).

As alleged, it is unclear whether this District is a proper venue for this action. Under each venue provision, where Plaintiff's work was performed *could* provide a basis for setting venue. If, for example, Plaintiff held a remote position and worked from her home within this District, venue for her Title VII claim might be proper because this would have been the District where she "would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). That also might be sufficient to establish where "a substantial part of the events . . . giving rise to the claim," took place and provide a basis for venue of the ADEA claim. 28 U.S.C. § 1391(b)(2).

If the District Court adopts the recommendations made above and directs the filing of an amended complaint, Plaintiff should include additional facts to clarify the basis for venue as to each of her claims.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that all claims against Defendants Mounia Hajji, Stephan Shakespeare, Geeta Sood, and Ray Martin be **DISMISSED** from this action; and it is further

**RECOMMENDED**, that Plaintiff's claims against Defendant YouGov be **DISMISSED** with leave to amend; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 16, 2023
      Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge