UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TANIA AMROD,

                                          **Plaintiff,**

    vs.                                                              **1:23-CV-1104**
                                                                          **(MAD/DJS)**
YOUGOV, *et al.*,

                                          **Defendants.**
_____

APPEARANCES:                          OF COUNSEL:

**TANIA AMROD**
99 East Stout Avenue
P.O. Box 348
Port Ewen, New York 12466
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On August 31, 2023, *pro se* Plaintiff Tania Amrod ("Plaintiff") commenced this action

alleging discrimination and retaliation based on race, age, gender, and disability in violation of

Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment

Act of 1967 ("ADEA").  *See* Dkt. No. 1.  On October 16, 2023, Magistrate Judge Stewart granted

Plaintiff's motion to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 7, and issued a Report-

Recommendation and Order recommending that Plaintiff's claims against the individual

Defendants be dismissed from this action with prejudice.  *See* Dkt. No. 8.  The Report-

Recommendation and Order further recommended that Plaintiff's claims against Defendant

YouGov be dismissed with leave to amend.  *Id.*  Plaintiff did not file any objections but filed an

1

amended complaint on November 6, 2023.  *See* Dkt. No. 12.  Currently before the Court is Magistrate Judge Stewart's Report-Recommendation and Order and Plaintiff's amended complaint.

## II. BACKGROUND

The complaint alleges that Plaintiff's former employer, Defendant YouGov, unlawfully discriminated against her on the basis of age, race, and sex, and unlawfully retaliated against her by terminating her employment.  *See* Dkt. No. 1 at 4, 5.

Plaintiff was employed as a Senior Talent Acquisition Partner at YouGov from December 20, 2021, until September 2022.  *See* Dkt. No. 12 at ¶ 8.  Plaintiff alleges that from February 2022 to October 2022, she was the "sole Recruiter for Mexico CENX and was responsible for recruiting all positions."  *Id.* at ¶¶ 11, 14.  Plaintiff alleges that her supervisor, Geeta Sood, *see id.* at ¶ 46, made discriminatory comments to her regarding her age.  *See id* at ¶¶ 16, 17.  Plaintiff informed Ms. Sood that she believed her supervisors had violated United States Equal Employment Opportunity Commission ("EEOC") policies when they directed her to use candidates' LinkedIn profile pictures to make inferences about their race and then hire only people who appeared to be Black, and to recruit "only young men, under 30."  *Id.* at ¶¶ 12, 15, 16.  In reply, Ms. Sood allegedly told Plaintiff that "she didn't need to listen to [Plaintiff] and that, although [Plaintiff] was older than her, she didn't need to listen to [Plaintiff]."  *Id.* at ¶ 16.  In September 2022, Ms. Sood told Plaintiff that Defendant's CEO, Ray Martin, had recommended Plaintiff apply "to a newly created position in the US," but Ms. Sood then told Plaintiff "I don't need old people like you with 20 or 30 years of experience."  *Id.* at ¶ 17.  Plaintiff alleges that she was "directed not to hire people with more than ten years of experience because they were 'too old.'"  *Id.* at ¶ 44.

Plaintiff makes several claims that she believes Defendant's hiring practices are illegal;
including a policy of partnering with historically Black colleges and universities to hire their
students and paying a private employment agency "to hire one diverse candidate." Dkt. No. 12 at
¶ 47. Plaintiff claims that "[r]ace discrimination was prevalent among my supervisor, Geeta
Sood[,] and hiring manager, Yashwin Pangal and CEO Ray Martin." *Id.* at ¶ 46. However,
Plaintiff does not allege that she was racially discriminated against.

The amended complaint alleges discrimination on the basis of disability and alleges one
incident related to disability hiring practices. *See* Dkt. No. 12 at ¶¶ 6, 27. Plaintiff alleges that
Defendant's company managers complained "that they wouldn't have hired" candidates with
disabilities if their disabilities had been disclosed. *Id.* When asked about the policy for screening
candidates for disabilities, Plaintiff allegedly deferred the question to Ms. Sood. *Id.* Plaintiff
does not allege that she has a disability or that she was discriminated against because of one.

Plaintiff attests that she reported to Mounia Hajji, the Chief of Staff, that she believed the
policy of including gender and "ethnic background" statistics in weekly hiring reports was a
discriminatory policy. *Id.* at ¶ 28. In response, Ms. Hajji allegedly told Plaintiff that she "would
not be in danger of losing [her] job and would be protected as a whistle-blower." *Id.* at ¶ 44. On
September 26, 2022, Plaintiff's employment was terminated. *See* Dkt. No. 1 at 4. The complaint,
but not the amended complaint, alleges that "Ms. Sood tried to build a case against me about my
work perforce, with false allegations, to terminate me." *Id.*; *see generally* Dkt. No. 12.

On or about February 23, 2023, Plaintiff filed a Charge of Discrimination with the EEOC,
alleging Defendant discriminated against her "in violation of the [ADEA]" and "Under Title VII."
*See* Dkt. No. 1 at 9-11. The Charge of Discrimination did not specify what protected class
Plaintiff is a member of, even though a plaintiff must assert that they were discriminated against

on the basis of some protected class. *See id.* On July 12, 2023, the EEOC advised Plaintiff of her right to commence a lawsuit against Defendant YouGov. *See* Dkt. No. 1 at 12-14. On August 31, 2023, Plaintiff timely filed her complaint and commenced this action. *See Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (citing *Fowlkes v. Ironworkers Local*, 40, 790 F.3d 378, 384 (2d Cir. 2015)) (explaining that an aggrieved party must exhaust administrative remedies before commencing an action in federal court and has ninety dates after receiving a right-to-sue letter from the EEOC to do so).

## III. DISCUSSION

### A.    Standard of Review

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Although the court has the duty to show liberality towards *pro se* litigants, … there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

When a party declines to file an objection, the court reviews a recommendation for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Since Plaintiff is proceeding *pro se*, the Court must review her pleadings under a "more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has stated that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely "'because of their lack of legal training.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).  Accordingly, a "document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     Amended Complaint**

Plaintiff filed an amended complaint in response to the Report-Recommendation and Order.  Dkt. No. 12.  While Plaintiff filed the amended complaint prior to this Court's review of the Report-Recommendation and Order, the Court has reviewed the same and finds that Plaintiff's amended complaint fails for the reasons outlined in Magistrate Judge Stewart's Report-Recommendation and Order.  *See* Dkt. Nos. 8, 12.

*1. Individual Defendants*

The Court agrees with Magistrate Judge Stewart's conclusion that Plaintiff's claims against the individual supervisors must be dismissed because Title VII and the ADEA do not provide for liability against individual defendants.  *See* Dkt. No. 8 at 4; *see also Guerra v. Jones*, 421 Fed. Appx. 15, 17 (2d Cir. 2011) ("[D]ismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as neither statute subjects individuals, even those with

5

supervisory liability over the plaintiff, to personal liability") (citations omitted).  The amended

complaint appropriately asserts claims against only YouGov ("Defendant").  *See* Dkt. No. 12.

### 2. *Title VII*

The complaint alleges that Defendant's discriminatory conduct was "[t]ermination of

employment," and "[r]etaliation" with respect to Plaintiff's "race or color," "sex," and "age." Dkt.

No. 1 at 2; *see also* Dkt. No. 1-1 (describing Plaintiff's cause of action as "employment

discrimination based on race, color, se[x]").  The amended complaint does not include "sex" as a

basis upon which Plaintiff was discriminated against but adds disability as a basis.  *See* Dkt. No.

12 at ¶ 6 ("Defendant's conduct is discriminatory with respect to the following: [r]ace, [a]ge,

[d]isability, [e]thnic [d]iscrimination"); *see also id.* at ¶ 9 ("My complaint against YouGov[] is

regarding age, race, ethnic and disability discrimination").

### a. Discrimination

Under Title VII, to assert a *prima facie* case for discrimination on the basis of race or

gender, a plaintiff must allege "that (1) [s]he belongs to a protected group; (2) [s]he was qualified

for [her] position; (3) [her] employer took an adverse action against [her]; and (4) the adverse

action occurred in circumstances giving rise to an inference of race [or gender] discrimination."

*Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (citing *Terry v. Ashcroft*, 336 F.3d

128, 137 (2d Cir. 2003)); *see also Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019)

(holding that a plaintiff must satisfy the same four elements for a *prima facie* case of sex

discrimination under Title VII).

Magistrate Judge Stewart correctly concluded that "[t]he [c]omplaint does not contain any

specific allegation that Plaintiff is a member of a protected class," does not state her race or

ethnicity, and does not allege that she suffered discrimination based on membership in any

protected class.  Dkt. No. 8 at 4.  The amended complaint does not cure these defects.  *See*

*generally* Dkt. No. 12.  Given Plaintiff's failure to allege membership in any protected class, or

discrimination based on membership in a protected class, the Court finds no clear error in the

Report-Recommendation and Order dismissing Plaintiff's Title VII claim for discrimination.

> *b. Retaliation*

"To state a *prima facie* case of retaliation under Title VII, a plaintiff must proffer evidence

that [s]he engaged in a protected activity, such as complaining about race discrimination, and that

[her] employer took an adverse action in retaliation."  *Kirkland*, 760 F.3d at 225 (citation

omitted).

The amended complaint alleges that "[t]he conduct complained of in this action involves:

discrimination involving recruitment which violates race, age, disability and ethnic EEOC laws"

Dkt. No. 12 at ¶ 7, but Plaintiff does not allege that she was personally discriminated against

when she was recruited, so the Court will liberally construe Plaintiff's claim as an allegation that

she was fired in retaliation for informing her supervisors of what she believed to be

discriminatory recruitment practices.  *See id.* at ¶¶ 13, 32, 42, 45.

Plaintiff engaged in protected activity when she complained about race, gender, and age

discrimination on three different occasions.  *See id.* at ¶¶ 13, 32, 42, 45.  First, Plaintiff alleges

that she reported to Ms. Hajji the policy, in effect as of February 2022, of including ethnic

background and gender demographics in weekly recruitment reports.  *See id.* at ¶ 28.  Second,

Plaintiff alleges that she reported to Ms. Sood that her supervisors had instructed her in March

2022 to "only hire young men, under 30," which Plaintiff believed was discriminatory behavior.

*Id.* at ¶¶ 15, 16.  Third, Plaintiff alleges that she was told "from January 2022 to October 2022" to

"hire interns and employees, who identified themselves as Black."  *Id.* at ¶ 10.  Plaintiff alleges

that she "informed Ms. Sood that this was illegal." *Id.* at ¶ 12.  Plaintiff does not state when any of these conversations occurred.

Magistrate Judge Stewart correctly found that the complaint "does not specifically tie" Plaintiff's complaints about the racial profiling of job candidates to her termination.  Dkt. No. 8 at 5.  The amended complaint does not specifically allege a claim for retaliation but, liberally construed, Plaintiff may again be attempting to allege a retaliation claim.  *See generally* Dkt. No. 12.  Again, however, Plaintiff has failed to plead facts plausibly suggesting that her alleged protected conduct was causally related to any adverse employment action.

The Second Circuit has held that a plaintiff need not allege specific evidence of a causal connection between her complaints and her firing to make out a claim for retaliation.  *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).  "[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action." *Id.* (citing *Gorman-Bakos v. Cornell Coop. Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir. 2001)) (internal quotation marks and alterations omitted).  In *Gorynski*, the Second Circuit noted that it "has not drawn a bright line defining, for the purposes of a *prima facie* case, the outer limits beyond which a temporal relationship is too attenuated to establish causation," but has previously "held that five months is not too long to find the causal relationship." *Id.*

Here, neither the complaint nor the amended complaint clarifies when Plaintiff complained to her supervisors about the policies she alleges were introduced between nine and six months before she was fired.  *See generally* Dkt. Nos. 1, 12.  It is not alleged that those conversations were within five months of her employment termination.  *See Gorzynski*, 596 F.3d at 110.  Plaintiff has not alleged sufficient facts to support a causal connection based on proximity

8

of her complaints to her termination on September 26, 2022.  Dkt. No. 12 at ¶ 8.  The Court agrees with the Report-Recommendation and Order that the complaint does not allege any facts plausibly alleging that her protected activity is causally related to the alleged adverse employment action.  *See* Dkt. No. 1 at 4.  The amended complaint repeats this error.  *See* Dkt. No. 12 at ¶ 43. Even construed liberally, the amended complaint has not satisfied the second element of a *prima facie* claim for retaliation because it does not allege that Plaintiff's protected actions complaining about discrimination were the cause of her employment termination.  *See* Dkt. No. 8 at 5.

Although the amended complaint alleges discrimination with respect to disability, it only describes one conversation concerning disability hiring practices and does not allege that Plaintiff had a disability or ever objected to, or complained about, the policy.  *See* Dkt. No. 12 at ¶¶ 6, 9, 27.  There are no facts which would lead to an inference that Plaintiff was discriminated against because of a disability or engaged in protected activity related to discrimination against people with disabilities for which she was retaliated against.  *See generally id.*

Therefore, for the above stated reasons, Plaintiff's Title VII claim is dismissed.

### 3. ADEA

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual . . . because of such individual's age."  29 U.S.C. § 623(a).  "To establish age discrimination under the ADEA, 'a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.'"  *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021) (quoting *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009)).  "Thus, to defeat a motion to dismiss . . . an ADEA plaintiff must plausibly allege that [s]he would not have been terminated but for [her] age."  *Id.*  A plaintiff also must allege "that [s]he was subjected to an adverse employment action

under circumstances giving rise to an inference of discrimination." *Stewart v. City of New York*, No. 22-2775, 2023 WL 6970127, *1 (2d Cir. 2023) (citations omitted).

The Court agrees with Magistrate Judge Stewart's conclusion that the complaint has no clear allegations that Plaintiff suffered any "materially adverse change in the terms and conditions of employment" because of her age. Dkt. No. 8 at 6, 7. The amended complaint makes little attempt to bolster this claim and merely reaffirms the assertions of age-related conversations made in her original complaint without any additional allegations that those conversations caused Plaintiff to suffer adverse employment actions. *See* Dkt. Nos. 1, 12.

The complaint alleges two conversations where Plaintiff's supervisors made comments about other people's age. *See* Dkt. No. 12 at ¶¶ 16, 44. Plaintiff alleges that she reported discriminatory instructions to hire only "young men, under 30" to Ms. Sood, but does not allege that this complaint led to an adverse action. *Id.* at ¶ 16. Plaintiff also alleges that she was "directed not to hire people with more than ten years of experience because they were 'too old.'" *Id.* at ¶ 44. Plaintiff alleges that the latter comment was "[a]ge discrimination" directed at her. *Id.* Plaintiff does not allege any adverse action taken against her because of the statements. To the extent Plaintiff intends to allege that she was retaliated against for complaining about the discriminatory practices, the amended complaint does not allege any causal connection between Plaintiff's actions and any adverse action. *See Gorzynski*, 596 F.3d at 110 (holding that adverse employment action that follows shortly after protected activity under the ADEA can establish a causal connection).

Finally, the amended complaint alleges that Ms. Sood made two comments regarding her age; she allegedly told Plaintiff that "she didn't need to listen to me and that, although I was older than her, she didn't need to listen to me," and "I don't need old people like you with 20 or 30 years

of experience." Dkt. No. 12 at ¶¶ 16, 44.  The Court agrees with Magistrate Judge Stewart's

conclusion that the complaint does not allege any materially adverse change in conditions of

Plaintiff's employment as a result of those statements.  *See* Dkt. No. 8 at 6, 7; Dkt. No. 1 at 5.

Rather than curing the deficiencies set out by Magistrate Judge Stewart in his Report-

Recommendation and Order, Plaintiff re-asserts that "age discrimination was directed at me" and

uses her amended complaint to assert the same arguments asserted in her original complaint.  Dkt.

No. 12 at ¶ 44.

Because Plaintiff's complaint and amended complaint make no specific allegations that

any comment related to age was the but-for cause of her eventual employment termination,

Plaintiff's ADEA claim is dismissed without prejudice.

### *4. Venue*

The Court finds no clear error in the Magistrate Judge Stewart's conclusion that the

complaint has not clearly pled that this District is the proper venue for this action.  *See* Dkt. No. 8

at 8-10.  The complaint does not allege where Plaintiff's work was performed or where any of the

alleged conversations that give rise to the cause of action occurred.  *See* Dkt. No. 1.  The amended

complaint does not clarify either of these matters.  The Court need not decide if there are

extraordinary circumstances that warrant dismissing the complaint for improper venue because

the amended complaint is dismissed on other grounds.  *See Gomez v. USAA Fed. Sav. Bank*, 171

F.3d 794, 795 (2d Cir. 1999) ("A district court may not dismiss a case *sua sponte* for improper

venue absent extraordinary circumstances").

"Ordinarily, a court should not dismiss the complaint filed by a *pro se* litigant without

granting leave to amend at least once 'when a liberal reading of the complaint gives any indication

that a valid claim might be stated.'"  *Cox v. New York State*, No. 1:23-CV-00060, 2023 WL

6862505, *2 (N.D.N.Y. Oct. 18, 2023) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.

1991)).  Here, Plaintiff has already re-pled her claims and failed to cure identified deficiencies.

*See* Dkt. Nos. 1, 12.  The Court reviewed the claims in Plaintiff's amended complaint and even a

liberal reading of Plaintiff's allegations fails to infer a valid claim.  *See id.*  As such, Plaintiff's

claims are dismissed without further leave to amend.  *See Cox*, 2023 WL 6862505, at *2.

### IV.  CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this

matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No.

8) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) and amended complaint (Dkt. No. 12) are

**DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**; and the

Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close

this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 5, 2023
       Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**